FILED

2026 MAY 11 PM 12: 41

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____CR_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| IN RE DMCA SUBPOENA TO X CORP. | Case No. 1:26MC01238 UA<br><br>NOTICE OF FILING OF MISCELLANEOUS CASE FOR ISSUANCE OF SUBPOENA PURSUANT TO 17 U.S.C. § 512 (h); DECLARATION IN SUPPORT THEREOF |

TO THE CLERK OF COURT:

Petitioner Home Box Office, Inc. ("HBO") hereby submits the attached pursuant to 17 U.S.C. § 512 for filing a miscellaneous case and subsequent issuance of the attached subpoena to identify an alleged copyright infringer.

I.   **ARGUMENT**

The Digital Millennium Copyright Act ("DMCA") and specifically, 17 U.S.C. § 512(h), permits a copyright owner to request the clerk of any United States district court to issue a subpoena to identify an alleged infringer. The request must include a copy of a DMCA notice, a proposed subpoena, and "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title." Id. HBO has complied with all statutory requirements pursuant to 17 U.S.C. § 512(h) and the lodged proposed subpoena is properly issued as a result.

In further support of its request, HBO submits the following argument for the Court's benefit and the benefit of the subpoena recipient to provide additional context as to why there are

no First Amendment concerns implicated by HBO's request and even if there were, HBO's need for the subpoenaed information outweighs any First Amendment interests.

A.    The First Amendment Does Not Protect Copyright Infringement

First Amendment arguments are common in copyright cases, but it is well established that "[t]he first amendment is not a license to trammel on legally recognized rights in intellectual property." *Dallas Cowboys Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1188 (5th Cir. 1979). "[I]n the Framers' view, copyright's limited monopolies are compatible with free speech principles." *Eldred v. Ashcroft* , 537 U.S. 186, 219 (2003). "Copyright laws are not restrictions on freedom of speech as copyright protects only form of expression and not the ideas expressed." *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 556 (1985); *see also Recording Indus. Ass'n of America v. Verizon Internet Services*, 240 F. Supp. 2d 24, 42 (D.D.C. 2003). The First Amendment simply does not protect copyright infringement.

Specifically, courts have found that the First Amendment does not protect anonymous speech that infringes copyright. In the context of a subpoena, the First Amendment does not "provide a license for copyright infringement." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). Indeed, "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment." *Id.*; *see also In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020) (finding that "copyright law contains built-in First Amendment accommodations") (quoting *Ashcroft*, 537 U.S. at 219-20). HBO, thus, submits that its statutorily-compliant request is not prohibited by the First Amendment.

B.    HBO's Need for the Information Outweighs Any First Amendment Interests

HBO submits that no further First Amendment review is needed given the limited scope of the request at issue,[1] but at least one court has held that a balancing test must be undertaken before permitting disclosure in the context of expedited discovery, a test that is easily met here. As one district court explained, "[i]n order to seek a subpoena for identifying information of users, courts weigh several factors to balance the need for disclosure against the defendant's First Amendment expectation of privacy. These factors include: (1) a concrete showing of a *prima facie* claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy." *Hunter Killer Prods. V. Boylan*, 2021 U.S. Dist. LEXIS 129657, at **3-4 (W.D. Tex. Jan. 28, 2021).

For a copyright case specifically, "[t]o show the need for disclosure of subscriber identities is greater than the First Amendment expectation of privacy a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Id.* at *5.

In this case, HBO has satisfied all aspects of this balancing test and is entitled to the issuance of a subpoena that would identify the anonymous users here. HBO has demonstrated a prima facie case for copyright infringement. HBO is the copyright owner of the television series at issue. (Bentkover Decl. ¶ 1).

---

[1] Many courts have found that no further First Amendment review is necessary where, as here, the subpoena seeks only basic subscriber information and compliance will not reveal any speech on the part of the account holder. *Agdal v. X. Corp.*, 2025 U.S. Dist. LEXIS 6627, at **13-19 (N.D. Cal. Jan. 13, 2025) (citing *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 119622, at **22, 25 (N.D. Cal. Aug. 22, 2013)).

As set forth in the accompanying declaration, this matter involves the unauthorized posting of content consisting of summaries of unpublished, character, setting, and plots of an unreleased, forthcoming episode of a television series, posted without the permission or approval of the owner of the copyrights in the hit show *Euphoria* and before that episode had a chance to air. It is well established that taking the "heart" or "focal points" of the copyrighted work, let alone a wholesale retelling of a preexisting story, is copyright infringement. *Harper & Row*, 471 U.S. at 565. "Where an author and publisher have invested extensive resources in creating an original work and are poised to release it to the public, no legitimate aim is served by pre-empting the right of first publication." *Id.* at 557. Unauthorized pre-release disclosures such as those at issue here, even if not for profit, right before airing could not be more damaging to a highly creative and fictional work like *Euphoria*.

Accordingly, HBO has demonstrated that the user violated at least one of its exclusive rights, its copyrighted content was copied, published, displayed, and/or distributed without authorization by the anonymous users on X Corp.'s social media platform. (Bentkover Decl. ¶ 2.) HBO seeks the subpoena in good faith to pursue copyright infringement claims against the infringer. The identity of the infringer is information that is necessary for HBO to obtain in order to pursue its claim for infringement. HBO has no other means to obtain the information. The user posted the infringing content on X Corp.'s platform, a platform by which only X. Corp. holds account information and identifying information of its users. Thus, HBO's good faith application and need for the information in this straightforward infringement case that is not otherwise available from any other source, far outweighs any First Amendment considerations, particularly in light of the fact that the First Amendment does not act as shield to copyright infringement in the first place.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, HBO requests the timely issuance of the proposed subpoena, concurrently lodged.

Dated:  May 11, 2026

O'Melveny & Myers LLP

By: _____
Ryan Yagura
Attorney for Petitioner Home Box Office, Inc.

TX Bar #24075933
ryagura@omm.com
O'Melveny & Myers LLP
400 South Hope Street Suite 1900
Los Angeles, CA 90071